---

**SAMUEL REIDER,**
N4524 State Hwy 47 Apt 3
Black Creek, WI 54106

        Plaintiff,

                      Case No.    23-cv-657   

    vs.

**TACTICAL WORKFORCE SOLUTIONS, LLC
d/b/a STS TECHNICAL SERVICES**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**
Registered Agent:
CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

        Defendants.

---

## COMPLAINT

---

The Plaintiff, Samuel Reider, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Black Creek, Wisconsin.

2. Defendant, Tactical Workforce Solutions, LLC d/b/a STS Technical Services ("STS"), is the Plan's administrator and sponsor and on information and belief is a corporation organized under the laws of Wisconsin and licensed to do business in Wisconsin.

3. Defendant, Hartford Life and Accident Insurance Company ("The Hartford"), on information and belief is a corporation organized under the laws of Connecticut, with its principal place of business located in Hartford, Connecticut, licensed to do business in Wisconsin.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

6. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former mechanic for STS Technical Services.

9.     As an employee of STS, Plaintiff participated in its Welfare Benefit Plan ("Plan"), which is governed by ERISA. One of the benefits offered under the Plan is long term disability insurance ("LTDI").

10.     The Hartford was the insurer of the Plan's LTDI component from December 1, 2020 through March 10, 2022.

11.     Upon information and belief, the long term disability policy ("LTD Policy") that the Hartford issued to STS promises to pay LTDI benefits to any employee who is an Eligible Person and Totally Disabled, as defined in the LTD Policy.

12.     The Hartford is the claims administrator for the LTD Policy, with authority to grant or deny benefits, to pay benefits, and to terminate benefits.

13.     Plaintiff ceased working on or about May 24, 2021 due to his medical conditions, including lumbar facet arthropathy, chronic back pain, and Crohn's disease.

14.     Plaintiff's LTDI benefit is worth approximately $2,145.52 per month.

15.     Plaintiff wrote to STS on May 2, 2022 to request STDI and LTDI application materials.

16.     Plaintiff wrote to STS on June 13, 2022 to request STDI and LTDI application materials again.

17.     On June 13, 2022, STS wrote to Plaintiff and stated "There is no formal application for electing STD or LTD." In the same correspondence, STS confirmed that Plaintiff's STD and LTD insurance became effective on December 1, 2020.

18. On June 14, 2022, Plaintiff called The Hartford and was informed that he must make a claim by phone for STD and LTD benefits. Plaintiff was given claim number 33983164 by phone to set up the claim.

19. Because STS indicated that there were no formal application materials, and The Hartford only allowed a claim to be made by phone, Plaintiff sent in materials he believed were relevant to The Hartford's review of the claim.

20. Plaintiff sent medical records and statements from his doctors to The Hartford for consideration of his STDI and LTDI claims on July 25, 2022, referencing claim number 33983164.

21. Plaintiff sent an additional statement from his medical provider for consideration to The Hartford on August 3, 2022.

22. Plaintiff sent additional medical records to The Hartford on September 13, 2022.

23. The Hartford denied Plaintiff's STDI claim by letter dated September 21, 2022 but did not advise on the status of his LTDI claim. Plaintiff's STDI denial letter contained a different claim number than the number The Hartford provided by phone on June 14, 2022.

24. Plaintiff requested an update from The Hartford on his LTDI claim by letter dated November 14, 2022.

25. Plaintiff received a letter from The Hartford on December 9, 2022 requesting that his providers complete Attending Physician's Statements, despite his previous submission of duplicative information on July 25, 2022 and August 3, 2022.

26. Plaintiff submitted the Attending Physician's Statements to The Hartford by letter dated February 20, 2023.

27. Plaintiff requested an update from The Hartford on his LTDI claim by letter dated March 31, 2023. Plaintiff did not receive a response.

28. Plaintiff requested an update again by letter dated April 19, 2023. To date, Plaintiff has not received an update.

29. The Hartford has failed to provide Plaintiff the required notification of benefit determination due April 5, 2023 (45 days from the receipt of the claim by the plan), in violation of the time limit prescribed in 29 CFR 2560.503-1(f)(3).

30. The Hartford does not satisfy the conditions under 29 CFR 2560.503-1(f)(3) to qualify for a 30-day extension of the deadline as it failed to notify Plaintiff "prior to the expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision." 29 CFR 2560.503-1(f)(3).

31. Plaintiff is deemed to have exhausted his administrative remedies because Defendant failed to issue a notification of benefit determination within the regulatory mandated time period. Accordingly, the Court shall hear this matter de novo.

32. Defendants were responsible for determining whether Plaintiff was eligible for LTDI benefits.

33. Defendants were responsible for paying Plaintiff's LTDI benefits.

34. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

35. Defendants did not perform a "full and fair review" of Plaintiff's claim.

36. Defendants failed to engage in a meaningful dialogue with Plaintiff.

37. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

38. At all times material to this case, the Plan has remained in full force and effect.

39. Defendants' failure to issue a benefits determination on Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**<u>FIRST CAUSE OF ACTION:</u>
DENIAL OF BENEFITS IN VIOLATION OF
SECTION 502(a)(1)(B) OF ERISA**

40. The preceding paragraphs are reincorporated by reference as though set forth here in full.

41. Plaintiff has been and remains disabled, as that term is defined by the Plan.

42. Plaintiff being deemed to have exhausted his administrative remedies, and accordingly, the Court shall hear this matter de novo.

43. Defendants wrongfully denied LTDI benefits due to Plaintiff.

44. Defendants interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

01036012

6

45. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plans from one case to the next.

46. Defendants' denial of Plaintiff's LTDI benefits was incorrect and "downright unreasonable."

47. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

<u>SECOND CAUSE OF ACTION:</u>
**BREACH OF FIDUCIARY DUTY – THE HARTFORD**
**29 .S.C. § 1132(a)(3)**

48. Plaintiff incorporates by reference the above paragraphs as though stated fully herein.

49. 29 U.S.C § 404(a)(1)(A)(i) provides that a fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... for the exclusive purpose of ... providing benefits to participants and their beneficiaries."

50. 29 U.S.C § 404(a)(1)(D) provides that a fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... in accordance with the documents ... governing the Plan."

51. Under 29 U.S.C. § 1104(a)(1)(B), fiduciaries breach their duties when they fail to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use.

52. The Harford is a fiduciary of the Plan.

53. The Harford violated their fiduciary duty under 29 U.S.C. § 1104(a).

54. The Harford failed to discharge their duty solely in Plaintiff's interest, in accordance with the Plan documents, and with the care, skill, prudence, and diligence as a prudent person would use in similar circumstances.

55. The Hartford breached its fiduciary duty to Plaintiff when it failed to render a written benefit determination regarding his LTDI claim as the Plan required.

56. The Harford's violation of their fiduciary duty resulted in harm to Plaintiff and caused Plaintiff to suffer a loss of benefits to which he was entitled under the Plan.

## THIRD CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTY – STS TECHNICAL SERVICES
### 29 .S.C. § 1132(a)(3)

57. Plaintiff incorporates by reference the above paragraphs as though stated fully herein.

58. 29 U.S.C § 404(a)(1)(A)(i) provides that a fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... for the exclusive purpose of ... providing benefits to participants and their beneficiaries."

59. 29 U.S.C § 404(a)(1)(D) provides that a fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... in accordance with the documents ... governing the Plan."

60. Under 29 U.S.C. § 1104(a)(1)(B), fiduciaries breach their duties when they fail to discharge their duties with the care, skill, prudence, and diligence under

01036012

8

the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use.

61. STS Technical Services is a fiduciary of the Plan.

62. STS Technical Services violated its fiduciary duty under 29 U.S.C. § 1104(a).

63. STS Technical Services failed to discharge their duty solely in Plaintiff's interest, in accordance with the Plan documents, and with the care, skill, prudence, and diligence as a prudent person would use in similar circumstances.

64. STS Technical Services breached its fiduciary duty to Plaintiff when it failed to provide application materials for Plaintiff to make a long-term disability claim.

65. STS Technical Services' violation of its fiduciary duty resulted in harm to Plaintiff and caused Plaintiff to suffer a loss of benefits to which he was entitled under the Plan.

### REQUEST FOR RELIEF

**WHEREFORE** the Plaintiff, Samuel Reider, demands judgment from the Defendants for the following:

A. A declaration of Plaintiff's eligibility for all LTDI benefits under the Plan;

B. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;

C. Prejudgment interest;

D.  Reasonable attorney's fees and costs related to the action; and

E.  Such other equitable and remedial relief that the Court deems just and

equitable.


Dated: May 25, 2023.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Samuel Reider*


By: ___*/s/ William E. Parsons*___
William E. Parsons, WI State Bar No. 1048594
Email: wparsons@hq-law.com
Naomi R. Swain, WI State Bar No. 1115655
Email: nswain@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

01036012                                     10