**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION**

| | | |
|---|---|---|
| **SAMUEL REIDER** | ) | |
| | ) | |
| *Plaintiff* | ) | **Case No. 2:23-cv-00657-JPS** |
| | ) | |
| *v.* | ) | **Judge J. P. Stadtmueller** |
| | ) | |
| **HARTFORD LIFE AND ACCIDENT** | ) | |
| **INSURANCE COMPANY** | ) | |
| | ) | |
| *Defendant* | ) | |

### HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

("Hartford"), by its attorney Warren von Schleicher of Hinshaw & Culbertson LLP, submits its

Answer to the First Amended Complaint ("Amended Complaint") filed by Plaintiff, Samuel

Reider ("Plaintiff"):

### Parties

1.      Plaintiff is an adult resident of the State of Wisconsin and currently resides in Black Creek, Wisconsin.

**ANSWER:**    Hartford admits the allegations in paragraph 1 of Plaintiff's Amended Complaint.

2.      Defendant, Hartford Life and Accident Insurance Company ("The Hartford"), on information and belief is a corporation organized under the laws of Connecticut, with its principal place of business located in Hartford, Connecticut, licensed to do business in Wisconsin.

**ANSWER:**    Hartford admits that it is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and is licensed to

conduct certain business in Wisconsin.  Hartford denies the remaining allegations in paragraph 2 of Plaintiff's Amended Complaint.

**Jurisdiction & Venue**

3. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA §502(a)(1)(B).

**ANSWER:** Hartford admits that for a period of time Plaintiff was a "participant" as defined by 29 U.S.C. §1002(7) in the Group Short Term Disability Plan for employees of Aviation Solutions Holdings Group (the "STD Plan") and the Group Long Term Disability Plan for employees of Aviation Solutions Holdings (the "LTD Plan") (collectively, the "Plans"), that the Plans are employee welfare benefits plans governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"), and that Plaintiff's Amended Complaint seeks payment of long term disability ("LTD") benefits under the LTD Plan pursuant to 29 U.S.C. §1132(a)(1)(B).  Hartford denies that Plaintiff is entitled to the relief requested, and denies the remaining allegations in paragraph 3 of Plaintiff's Amended Complaint.

4. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

**ANSWER:** Hartford admits that federal jurisdiction exists over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§1132(e)(1) and (f) based on ERISA.  Hartford denies the remaining allegations in paragraph 4 of Plaintiff's Amended Complaint.

5. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA §502(e)(2) and 28 U.S.C. §1391(b), because a substantial part of the events and omissions giving

2

rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

**ANSWER:** Hartford admits that venue is proper in the Eastern District of Wisconsin pursuant to 29 U.S.C. §1132(e)(2). Hartford denies the remaining allegations in paragraph 5 of Plaintiff's Amended Complaint.

6. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

**ANSWER:** Hartford denies the allegations in paragraph 6 of Plaintiff's Amended Complaint.

### Factual Allegations

7. Plaintiff is a former mechanic for STS Technical Services.

**ANSWER:** Hartford admits that for a period of time Plaintiff was employed as a mechanic by STS Technical Services. Hartford denies the remaining allegations in paragraph 7 of Plaintiff's Amended Complaint.

8. As an employee of STS, Plaintiff participated in its Welfare Benefit Plan ("Plan"), which is governed by ERISA. One of the benefits offered under the Plan is long term disability insurance ("LTDI").

**ANSWER:** Hartford admits that for a period of time Plaintiff was a "participant" as defined by 29 U.S.C. §1002(7) in the STD Plan and the LTD Plan, that the Plans are governed by ERISA, and that the STD Plan and LTD Plan provide disability insurance coverage pursuant to the group policy, Policy GLT-681728/GRH-681728 (the "Policy"), issued by Hartford to Aviation Solutions Holdings (the "Employer"). Hartford denies the remaining allegations in paragraph 8 of Plaintiff's Amended Complaint.

3

9. The Hartford was the insurer of the Plan's LTDI component from December 1, 2020 through March 10, 2022.

**ANSWER:** Hartford admits that for a period of time it was the insurer of LTD benefits provided under the LTD Plan pursuant to the Policy, and that the Policy's effective date was January 1, 2020. Hartford denies the remaining allegations in paragraph 9 of Plaintiff's Amended Complaint.

10. Upon information and belief, the long term disability policy ("LTD Policy") that the Hartford issued to STS promises to pay LTDI benefits to any employee who is an Eligible Person and Totally Disabled, as defined in the LTD Policy.

**ANSWER:** Hartford admits that the Policy provides LTD coverage and benefits to "Eligible Persons" pursuant to the terms and conditions of the Policy. Hartford denies the remaining allegations in paragraph 10 of Plaintiff's Amended Complaint.

11. The Hartford is the claims administrator for the LTD Policy, with authority to grant or deny benefits, to pay benefits, and to terminate benefits.

**ANSWER:** Hartford admits that it is the claims fiduciary for benefits provided under the Policy, and that the LTD Plan grants discretionary authority to Hartford to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy. Hartford denies the remaining allegations in paragraph 11 of Plaintiff's Amended Complaint.

12. Plaintiff ceased working on or about May 24, 2021 due to his medical conditions, including lumbar facet arthropathy, chronic back pain, and Crohn's disease.

**ANSWER:** Hartford admits that Plaintiff ceased working for the Employer on or about May 24, 2021, and that Plaintiff at times complained of certain symptoms and received certain

4

diagnoses. Hartford denies the remaining allegations in paragraph 12 of Plaintiff's Amended Complaint.

13. Plaintiff's LTDI benefit is worth approximately $2,145.52 per month.

**ANSWER:** Hartford denies the allegations in paragraph 13 of Plaintiff's Amended Complaint.

14. Plaintiff wrote to STS on May 2, 2022 to request STDI and LTDI application materials.

**ANSWER:** Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of Plaintiff's Amended Complaint.

15. Plaintiff wrote to STS on June 13, 2022 to request STDI and LTDI application materials again.

**ANSWER:** Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of Plaintiff's Amended Complaint.

16. On June 13, 2022, STS wrote to Plaintiff and stated "There is no formal application for electing STD or LTD." In the same correspondence, STS confirmed that Plaintiff's STD and LTD insurance became effective on December 1, 2020.

**ANSWER:** Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's Amended Complaint.

17. On June 14, 2022, Plaintiff called The Hartford and was informed that he must make a claim by phone for STD and LTD benefits. Plaintiff was given claim number 33983164 by phone to set up the claim.

**ANSWER:** Hartford admits that on June 13, 2022 it received a telephone call from Plaintiff, through counsel, and that Hartford subsequently set up claim number 33983164. Hartford denies the remaining allegations in paragraph 17 of Plaintiff's Amended Complaint.

18. Because STS indicated that there were no formal application materials, and The Hartford only allowed a claim to be made by phone, Plaintiff sent in materials he believed were relevant to The Hartford's review of the claim.

**ANSWER:** Hartford admits that it received certain materials from Plaintiff, through counsel, referencing claim numbers 33983163 and 33983164. Hartford denies the remaining allegations in paragraph 18 of Plaintiff's Amended Complaint.

19. Plaintiff sent medical records and statements from his doctors to The Hartford for consideration of his STDI and LTDI claims on July 25, 2022, referencing STD claim number 33983164.

**ANSWER:** Hartford admits that it received from Plaintiff, through counsel, certain correspondence dated July 25, 2022 that referenced STD claim number 33983164. Hartford denies the remaining allegations in paragraph 19 of Plaintiff's Amended Complaint.

20. Plaintiff sent an additional statement from his medical provider for consideration to The Hartford on August 3, 2022.

**ANSWER:** Hartford admits that by letter dated August 3, 2022, Plaintiff, through counsel, submitted certain documents to Hartford. Hartford denies the remaining allegations in paragraph 20 of Plaintiff's Amended Complaint.

21. Plaintiff sent additional medical records to The Hartford on September 13, 2022.

6

**ANSWER:** Hartford admits that by letter dated September 13, 2022, Plaintiff, through counsel, submitted certain documents to Hartford. Hartford denies the remaining allegations in paragraph 21 of Plaintiff's Amended Complaint.

22. The Hartford denied Plaintiff's STDI claim by letter dated September 21, 2022 but did not advise on the status of his LTDI claim. Plaintiff's STDI denial letter contained a different claim number than the number The Hartford provided by phone on June 14, 2022.

**ANSWER:** Hartford admits that by letter dated September 21, 2022, it notified Plaintiff, through counsel, that his claim for STD benefits, STD claim number 35572463, was denied. Hartford denies the remaining allegations in paragraph 22 of Plaintiff's Amended Complaint.

23. Plaintiff requested an update from The Hartford on his LTDI claim by letter dated November 14, 2022.

**ANSWER:** Hartford admits that by letter dated November 14, 2022, Plaintiff, through counsel, requested a status of his application for benefits and referenced STD claim number 35572463. Hartford denies the remaining allegations in paragraph 23 of Plaintiff's Amended Complaint.

24. Plaintiff received a letter from The Hartford on December 9, 2022 requesting that his providers complete Attending Physician's Statements, despite his previous submission of duplicative information on July 25, 2022 and August 3, 2022.

**ANSWER:** Hartford admits that by letter dated December 9, 2022, Hartford requested that Plaintiff, through counsel, submit an Attending Physician's Statement. Hartford denies the remaining allegations in paragraph 24 of Plaintiff's Amended Complaint.

25. Plaintiff submitted the Attending Physician's Statements to The Hartford by letter dated February 20, 2023.

**ANSWER:** Hartford admits that by letter dated February 20, 2023, Plaintiff, through counsel, submitted to Hartford certain documents and Attending Physician's Statements with respect to STD claim number 35572463. Hartford denies the remaining allegations in paragraph 25 of Plaintiff's Amended Complaint.

26. Plaintiff requested an update from The Hartford on his LTDI claim by letter dated March 31, 2023. Plaintiff did not receive a response.

**ANSWER:** Hartford admits that by letter dated March 31, 2023, Plaintiff, through counsel, requesting an update on Plaintiff's "LTDI" claim status and referenced STD claim number 35572463. Hartford denies the remaining allegations in paragraph 26 of Plaintiff's Amended Complaint.

27. Plaintiff requested an update again by letter dated April 19, 2023. To date, Plaintiff has not received an update.

**ANSWER:** Hartford admits that Plaintiff, through counsel, submitted a letter to Hartford dated April 19, 2023. Hartford denies the remaining allegations in paragraph 27 of Plaintiff's Amended Complaint.

28. The Hartford has failed to provide Plaintiff the required notification of benefit determination due April 5, 2023 (45 days from the receipt of the claim by the plan), in violation of the time limit prescribed in 29 CFR 2560.503-1(f)(3).

**ANSWER:** Hartford denies the allegations in paragraph 28 of Plaintiff's Amended Complaint.

29. The Hartford does not satisfy the conditions under 29 CFR 2560.503- 1(f)(3) to qualify for a 30-day extension of the deadline as it failed to notify Plaintiff "prior to the

expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision." 29 CFR 2560.503-1(f)(3).

**ANSWER:** Hartford denies the allegations in paragraph 29 of Plaintiff's Amended Complaint.

30. Plaintiff is deemed to have exhausted his administrative remedies because Defendant failed to issue a notification of benefit determination within the regulatory mandated time period. Accordingly, the Court shall hear this matter de novo.

**ANSWER:** Hartford denies the allegations in paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant were responsible for determining whether Plaintiff was eligible for LTDI benefits.

**ANSWER:** Hartford admits that it is the claims fiduciary for benefits provided under the Policy, and that the STD Plan and LTD Plan grant discretionary authority to Hartford to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy including with respect to Plaintiff's claim for benefits. Hartford denies the remaining allegations in paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant were responsible for paying Plaintiff's LTDI benefits.

**ANSWER:** Hartford denies the allegations in paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

**ANSWER:** Hartford denies the allegations in paragraph 33 of Plaintiff's Amended Complaint.

9

34. Defendant did not perform a "full and fair review" of Plaintiff's claim.

**ANSWER:** Hartford denies the allegations in paragraph 34 of Plaintiff's Amended Complaint.

35. Defendant failed to engage in a meaningful dialogue with Plaintiff.

**ANSWER:** Hartford denies the allegations in paragraph 35 of Plaintiff's Amended Complaint.

36. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

**ANSWER:** Hartford denies the allegations in paragraph 36 of Plaintiff's Amended Complaint.

37. At all times material to this case, the Plan has remained in full force and effect.

**ANSWER:** Hartford admits that the Policy has been in effect since January 1, 2020. Hartford denies the remaining allegations in paragraph 37 of Plaintiff's Amended Complaint.

38. Defendant's failure to issue a benefits determination on Plaintiff's claim LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**ANSWER:** Hartford denies the allegations in paragraph 38 of Plaintiff's Amended Complaint.

**First Cause of Action:**
**Alleged Denial of Benefits pursuant to Section 502(a)(1)(B) of ERISA**

39. The preceding paragraphs are reincorporated by reference as though set forth here in full.

**ANSWER:** Hartford incorporates its answers to the preceding paragraphs 1 through 38 as if fully restated herein in response to paragraph 39 of Plaintiff's Amended Complaint.

40. Plaintiff has been and remains disabled, as that term is defined by the Plan.

10

**ANSWER:** Hartford denies the allegations in paragraph 40 of Plaintiff's Amended Complaint.

41. Plaintiff being deemed to have exhausted his administrative remedies, and accordingly, the Court shall hear this matter *de novo*.

**ANSWER:** Hartford denies the allegations in paragraph 41 of Plaintiff's Amended Complaint.

42. Defendant wrongfully denied LTDI benefits due to Plaintiff.

**ANSWER:** Hartford denies the allegations in paragraph 42 of Plaintiff's Amended Complaint.

43. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

**ANSWER:** Hartford denies the allegations in paragraph 43 of Plaintiff's Amended Complaint.

44. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plans from one case to the next.

**ANSWER:** Hartford denies the allegations in paragraph 44 of Plaintiff's Amended Complaint.

45. Defendant's denial of Plaintiff's LTDI benefits was incorrect and "downright unreasonable."

**ANSWER:** Hartford denies the allegations in paragraph 45 of Plaintiff's Amended Complaint.

46. 29 U.S.C. §404(a)(1)(A)(i) [sic] provides that a fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and … for the exclusive purpose of … providing benefits to participants and their beneficiaries."

**ANSWER:** Hartford admits that an incomplete portion of 29 U.S.C. §1104(a)(1)(A)(i) is quoted in paragraph 46 of Plaintiff's Amended Complaint. Hartford denies that it violated 29 U.S.C. §1104(a)(1)(A)(i) and denies the remaining allegations in paragraph 46 of Plaintiff's Amended Complaint.

47. 29 U.S.C. §404(a)(1)(D) [sic] provides that a fiduciary "shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and … in accordance with the documents … governing the Plan."

**ANSWER:** Hartford admits that an incomplete portion of 29 U.S.C. §1104(a)(1)(D) is quoted in paragraph 47 of Plaintiff's Amended Complaint. Hartford denies that it violated 29 U.S.C. §1104(a)(1)(D) and denies the remaining allegations in paragraph 47 of Plaintiff's Amended Complaint.

48. Under 29 U.S.C. §1104(a)(1)(B), fiduciaries breach their duties when they fail to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use.

**ANSWER:** Hartford admits that 29 U.S.C. §1104(a)(1)(B) provides a "prudent man standard of care." Hartford denies the remaining allegations in paragraph 48 of Plaintiff's Amended Complaint.

49. The Harford is a fiduciary of the Plan.

**ANSWER:** Hartford admits that it is the claims fiduciary for benefits provided under the Policy. Hartford denies the remaining allegations in paragraph 49 of Plaintiff's Amended Complaint.

50. The Harford violated their fiduciary duty under 29 U.S.C. §1104(a).

**ANSWER:** Hartford denies the allegations in paragraph 50 of Plaintiff's Amended Complaint.

51. The Harford failed to discharge their duty solely in Plaintiff's interest, in accordance with the Plan documents, and with the care, skill, prudence, and diligence as a prudent person would use in similar circumstances.

**ANSWER:** Hartford denies the allegations in paragraph 51 of Plaintiff's Amended Complaint.

52. The Hartford breached its fiduciary duty to Plaintiff when it failed to render a written benefit determination regarding his LTDI claim as the Plan required.

**ANSWER:** Hartford denies the allegations in paragraph 52 of Plaintiff's Amended Complaint.

53. The Harford's violation of their fiduciary duty resulted in harm to Plaintiff and caused Plaintiff to suffer a loss of benefits to which he was entitled under the Plan.

**ANSWER:** Hartford denies the allegations in paragraph 53 of Plaintiff's Amended Complaint.

54. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to §502(a)(1)(B) of ERISA.

**ANSWER:** Hartford denies the allegations in paragraph 54 of Plaintiff's Amended Complaint.

**Plaintiff's Request for Relief**

WHEREFORE the Plaintiff, Samuel Reider, demands judgment from the Defendant for the following:

A.      A declaration of Plaintiff's eligibility for all LTDI benefits under the Plan;
B.      Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the Plans;
C.      Prejudgment interest;
D.      Reasonable attorney's fees and costs related to the action; and
E.      Such other equitable and remedial relief that the Court deems just and equitable.

**ANSWER:**      Hartford denies that Plaintiff is entitled to the relief requested, and denies the remaining allegations in the request for relief of Plaintiff's Amended Complaint.

**ADDITIONAL AND AFFIRMATIVE DEFENSES**

1.      The STD Plan and LTD Plan grant to Hartford full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy, triggering judicial review under the arbitrary and capricious standard.

2.      Hartford reasonably determined that Plaintiff failed to satisfy the terms and conditions of the STD Plan and Policy for payment of STD benefits.  The STD Plan does not provide coverage or benefits for any Disability "for which Workers' Compensation benefits are paid, or may be paid, if duly claimed."  Hartford reasonably determined that Plaintiff's alleged Disability was due to an injury sustained in the workplace for which Workers' Compensation benefits are paid, or may be paid, if duly claimed, and therefore, no STD benefits are payable to Plaintiff.

3.      Hartford, by letter dated September 21, 2022, reasonably denied Plaintiff's claim for STD benefits under the STD Plan and Policy, and informed Plaintiff of his right under ERISA to request an administrative appeal of Hartford's September 21, 2022 determination. Plaintiff, however, failed to request an administrative appeal.  Plaintiff, therefore, failed to

14

exhaust administrative remedies with respect to his claim for benefits under the STD Plan and Policy. Further, by commencing this lawsuit without administratively appealing Hartford's STD determination, Plaintiff forfeited and waived any right to dispute Hartford's STD determination.

4. Plaintiff failed to exhaust administrative remedies under ERISA with respect to his alleged claim in the Amended Complaint for payment of LTD benefits under the LTD Plan and Policy.

5. Plaintiff failed to satisfy the LTD Plan's and Policy's conditions precedent for payment of LTD benefits, including without limitation the requirement that he provide Notice of Claim "within 30 days after Disability or loss occurs," and satisfactory Proof of Loss and Additional Proof of Loss for each month in which Plaintiff claimed entitlement to LTD benefits. Additionally, Plaintiff failed to submit to Hartford "proof that You and Your dependents have applied for all Other Income Benefits which are available," which included Workers' Compensation benefits and primary and dependent Social Security Disability Income benefits, as required by the LTD Plan.

6. In the event that Plaintiff is adjudicated to be eligible to receive LTD benefits under the LTD Plan and Policy (which Hartford expressly denies), such recovery is limited to the 2-year maximum benefit period under the LTD Plan's "Your Occupation" definition of Disability. The "Your Occupation" definition of Disability requires, for the first 2 years following the Elimination Period, that Plaintiff be prevented from performing one or more of the Essential Duties of "Your Occupation" because of his medical condition, and as a result "Your Current Monthly Earnings" are less than 80% of "Your Indexed Pre-disability Earnings." After 2 years of LTD benefits have been paid, the definition of Disability changes and requires that Plaintiff be prevented by his medical condition from performing one or more of the Essential

Duties of "Any Occupation." Plaintiff never claimed to be Disabled under the Any Occupation definition of Disability, and never submitted a claim to Hartford for payment of LTD benefits under the Any Occupation definition of Disability. Under ERISA, an administrative remand would be necessary for Hartford to determine whether Plaintiff satisfied the Plan's Any Occupation definition of Disability that would apply after 2 years of LTD benefit payments have been made. *See Pakovich v. Broadspire Servs.*, 535 F.3d 601, 607 (7th Cir. 2008). Additionally, any potential future claim for LTD benefits beyond the 2 year "Your Occupation" period is not ripe for adjudication and Plaintiff has not exhausted administrative remedies related thereto.

7. In the event that Plaintiff is adjudicated to be eligible to receive LTD benefits under the LTD Plan and Policy (which Hartford expressly denies), such recovery is subject to all terms and limitations of the LTD Plan and Policy, including the 24-month maximum duration of benefits applicable to a Disability because of Mental Illness that results from any cause, or any condition that may result from Mental Illness.

8. In the event that Plaintiff is adjudicated to be eligible to receive LTD benefits under the LTD Plan and Policy (which Hartford expressly denies), such recovery is subject to all terms and limitations of the LTD Plan and Policy, including offset and reduction for Other Income Benefits, which includes primary, spousal, and dependent Social Security Disability Income benefits and Workers Compensation benefits.

9. No LTD benefits are payable under the LTD Plan and Policy beyond the date Plaintiff was no longer under the Regular Care of a Physician, as defined by the LTD Plan and Policy.

10. No LTD benefits are payable under the LTD Plan and Policy for any alleged Disability occurring after Plaintiff's coverage under the Policy terminated.

16

11.     Hartford is entitled to recover and hereby requests an award of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g) and the Federal Rules of Civil Procedure.

12.     Hartford reserves the right to assert additional defenses, including those that become known in the course of this litigation.

WHEREFORE, Defendant, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, respectfully requests entry of judgment in its favor, dismissal of Plaintiff's First Amended Complaint with prejudice, and an award of its costs and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g) and the Federal Rules of Civil Procedure.

                                        Respectfully submitted,

Warren von Schleicher (IL-6197189)          By: */s/ Warren von Schleicher*
HINSHAW & CULBERTSON LLP                     Attorney for Defendant,
151 North Franklin Street, Suite 2500        Hartford Life and Accident Insurance Company
Chicago, Illinois 60606
P 312.704.3974 | F 312.704.3001
WvonSchleicher@hinshawlaw.com

17

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2023, I electronically filed the foregoing Answer to First Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing on the following Counsel of Record:

William E. Parsons
Naomi R. Swain
HAWKS QUINDEL, S.C.
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
wparsons@hq-law.com
nswain@hq-law.com

*/s/ Warren von Schleicher*
Warren von Schleicher (IL-6197189)
HINSHAW & CULBERTSON LLP
151 North Franklin Street, Suite 2500
Chicago, Illinois 60606
P 312.704.3974 | F 312.704.3001
WvonSchleicher@hinshawlaw.com

18